UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JONATHAN HARTGER,

    Plaintiff,

v

                                                   HON.
                                                   CASE NO.

KENT COUNTY and BRANDON MARZ,
in his individual and official capacity,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **JONATHAN HARTGER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Grand Rapids, County of Kent, State of Michigan.

2. Defendant Kent County is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

1

3. Defendant Brandon Marz is and/or was a sheriff deputy working and/or assigned to the Kent County Sheriff Department and at all times mentioned herein was acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Grand Rapids, County of Kent, State of Michigan.

5. This lawsuit arises out of Defendant's violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on December 10, 2017, Plaintiff rented a house located 7055 Brooklyn Avenue Southeast, Grand Rapids, Michigan, to host a Christmas party for his friends and family.

10. That at approximately 1:00 a.m., Plaintiff went outside on the porch to smoke a cigarette.

11. Defendant Marz arrived on the scene after receiving a suspicious complaint for having multiple cars parked along the side of the road.

12. Defendant Marz approached the front porch shouting, "Party's over mother fucker!"

13. Defendant Marz then grabbed Plaintiff and threw him onto the snow-covered cement, and

slammed his knee into the center of Plaintiff's back.

14. Defendant Marz proceeded to handcuff Plaintiff, despite his non-resistance, pulled him to his feet and placed Plaintiff in the back of the patrol vehicle again without an explanation or justification.

15. Plaintiff was charged with a misdemeanor for attempted assaulting, resisting, and obstructing an officer.

16. That on April 20, 2018, Plaintiff's charges were dismissed.

17. As a result of Defendant's unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. At all relevant times herein, the individual Defendant acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

20. Defendant violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when he employed unnecessary and excessive force which resulted in injuries to Plaintiff.

21. The actions of Defendant was at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

22. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

23. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

26. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he falsely arrested and falsely detained Plaintiff without probable cause.

27. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he arrested and caused to have charges brought against Plaintiff without probable cause.

28. Defendant acted unreasonably and failed in his duties when he falsely arrested/detained/seized and charged Plaintiff.

29. Defendant acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

30. Defendant's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

31. Due to Defendant's actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## KENT COUNTY CONSTITUTIONAL VIOLATIONS

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. Defendant Kent County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

34. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Kent County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

35. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

36. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

37. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

                                                  Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: October 26, 2018
CJT/*mdb*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

JONATHAN HARTGER,

    Plaintiff,

v

                      HON.
                      CASE NO.

KENT COUNTY and BRANDON MARZ,
in his individual and official capacity,

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com |

**DEMAND FOR TRIAL BY JURY**

    **NOW COMES** Plaintiff, **JONATHAN HARTGER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                      Respectfully Submitted,
                      CHRISTOPHER TRAINOR & ASSOCIATES

                      **s/ Christopher J. Trainor**
                      CHRISTOPHER J. TRAINOR (P42449)
                      AMY J. DEROUIN (P70514)
                      Attorneys for Plaintiff
                      9750 Highland Road
                      White Lake, MI  48386
                      (248) 886-8650
                      amy.derouin@cjtrainor.com

Dated:  October 26, 2018
CJT/*mdb*